148

**CIRCUIT COURT OF SHENANDOAH COUNTY**

Bowman Apple Products Co., Inc.

v.

Commonwealth of Virginia,
State Water Control Board,
and Virginia Department of
Environmental Quality

January 25, 2006

Case No. (Chancery) CH05-152

BY JUDGE DENNIS L. HUPP

This is an appeal from an administrative agency decision under the Administrative Process Act (Virginia Code §§ 2.2-4000 et seq.). Bowman Apple Products Company, Inc. (Bowman) operates a fruit processing facility in Shenandoah County, and, as part of that process, discharges effluent into the North Fork of the Shenandoah River. Because of this, it is subject to monitoring and oversight by the State Water Control Board (SWCB), an agency of the Virginia Department of Environmental Quality (DEQ). The SWCB is empowered to issue permits for the discharge of such effluent into state waters. Bowman's permit was renewed on April 18, 2005, and this permit included the following provision (Part I.D.7):

> *Facility Entry Special Requirement* – It shall be considered a denial of entry and a violation of Part II.W of this permit to impose any photographic restrictions which limit Department staff from properly performing inspections and site visits.

Part II.W of the permit provides as follows:

*Inspection and Entry*

The permittee shall allow the Director, or an authorized representative, upon presentation of credentials and other documents as may be required by law, to:

1. Enter upon the permittee's premises where a regulated facility or activity is located or conducted, or where records must be kept under the conditions of this permit;

2. Have access to and copy, at reasonable times, any records that must be kept under the conditions of this permit;

3. Inspect at reasonable times any facilities, equipment (including monitoring and control equipment), practices, or operations regulated or required under this permit; and

4. Sample or monitor at reasonable times, for the purposes of assuring permit compliance or as otherwise authorized by the Clean Water Act and the State Water Control Law, any substances or parameters at any location.

For purposes of this section, the time for inspection shall be deemed reasonable during regular business hours, and whenever the facility is discharging. Nothing contained herein shall make an inspection unreasonable during an emergency.

Bowman has filed its petition for appeal challenging the inclusion of the Facility Entry Special Requirement provision in the permit. Bowman contends that the inclusion of this provision is an arbitrary and capricious act by the SWCB and also that the language is overly broad and therefore is a misapplication of law. The SWCB counters that past history between these parties justifies the inclusion of this provision and it is therefore not an arbitrary and capricious act. It further contends that the language is not overly broad or unreasonable.

In an appeal such as this, the Court is limited to a review of the record submitted. Virginia Code § 2.2-4027. The Court is also required to "take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted." *Id*. The issues on appeal generally fall into two categories, the first being whether the agency acted within the scope of its authority and the second being whether the decision was supported by the

evidence. *Holtzman Oil Corp. v. Commonwealth*, 32 Va. App. 532, 538, 529 S.E.2d 333 (2000), citing *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 369 S.E.2d 1 (1988). In *Holtzman*, the Court of Appeals, quoting the *Kenley* case, stated the following:

> Where the issue is whether there is substantial evidence to support findings of fact, great deference is to be accorded the agency decision. Where the issue falls outside the specialized competence of the agency, such as constitutional and statutory interpretation issues, little deference is required to be accorded the agency decision. Where, however, the issue concerns an agency decision based on the proper application of its expert discretion, the reviewing court will not substitute its own independent judgment for that of the agency but rather will reverse the agency decision only if that decision was arbitrary and capricious. Finally, in reviewing an agency decision, the courts are required to consider the experience and specialized competence of the agency and the purpose of the basic law under which the agency acted.

*Id.* at 539.

This case came before the Court on January 19, 2006, upon written memoranda filed by counsel for the purpose of hearing oral arguments of counsel in support thereof.

I will deal first with Bowman's contention that inclusion of the disputed paragraph is an arbitrary and capricious act by the SWCB. The type of permit at issue here is a Virginia Pollutant Discharge Elimination System (VPDES) Permit. The fact that Bowman's permit is the only VPDES permit issued by the Virginia State Water Control Board containing the disputed provision certainly warrants close scrutiny. Put another way, it raises a "red flag"; however, it does not necessarily mean that the provision is arbitrary or capricious. Such a ruling by the Court would bridle the SWCB, making it difficult for it to adapt to changes in technology and businesses practices or to address special or peculiar circumstances. The analysis must extend beyond this.

Apparently, the SWCB personnel felt that this provision was necessary because of past problems encountered with Bowman. Any such evidence would not, in my view, fall within "the specialized competence of the agency." We are not dealing here with the results of testing or the level of pollutants but, rather, conduct which can be assessed by a layman or even by a judge

with no expertise in this particular field. For this reason, little deference will be accorded to the SWCB's finding of fact in this regard, and I must say that there is scant evidence in the record of problems of this nature in the past. The record certainly contains discussions among DEQ personnel concerning the need for photography, whether it would be allowed at Bowman and the need for inclusion of the disputed provision in the permit. There is also brief reference to Gordon Bowman's attitude toward inspectors. From this, I suppose one can infer that there have been problems in the past, but the extent of those problems is not disclosed.

In any event, I do not believe that the paucity of evidence as to past problems ends the inquiry. While I admittedly know little about the inspection process in a case such as this, common sense tells me that photography could very well be part of it. Indeed, the very fact that these officials discussed photography and whether it would be allowed suggests that it is a normal part of any inspection or at least certainly not unusual. In addition, the Environmental Protection Agency's Permit Compliance Inspection Manual reflects that photography in such inspections is an appropriate tool, and the manual suggests that interference with the taking of photographs should be considered a denial of the right to entry as provided in this particular permit. For these reasons, I cannot find it arbitrary or capricious to include a provision that, in effect, requires the permittee to allow photography as part of the inspection process.

I turn now to the question of whether the SWCB has exceeded its lawful authority in imposing the photograph requirement. Bowman argues that Virginia Code § 62.1-44.20 imposes a "reasonableness requirement" in the formulation of the permit provisions. Indeed, that statute provides that agents of the SWCB "may, at *reasonable* times and under *reasonable* circumstances, enter any establishment upon any property, public or private, for the purpose of obtaining information or conducting surveys or investigations necessary in the enforcement of the provisions of this chapter." (Emphasis added.) The SWCB does not dispute that a reasonableness standard applies but argues that the language of the permit is reasonable. I agree with Bowman that this is a matter of statutory construction and, hence, the issue is heard *de novo* in this Court without deference to the SWCB's determination. *Citland, Ltd. v. Kilgore*, 45 Va. App. 268, 275, 610 S.E.2d 321 (2005). I agree with both parties that the permit provision must be reasonable and must be specifically related to the purposes of the inspection.

Bowman argues that the permit provision with respect to photography is overly broad and imposes a *per se* standard in place of one of

reasonableness. In making this argument, it focuses on the language making *any* photographic restriction by the permittee a "denial of entry" and hence a violation of the permit. The SWCB counters that Bowman ignores the concluding language of that section which qualifies the cited language. The SWCB contends that only photographic restrictions that limit the SWCB from "promptly performing inspections and site visits" would be deemed a violation of the permit.

I have to say that, on my first reading, I shared some of the same concerns Bowman has advanced in this case. After further reflection and careful analysis of the language employed, I believe that the SWCB makes a good argument that the photographic provision is circumscribed and that the photography contemplated thereunder must be limited to the purpose at hand. There is no abandonment of the reasonableness standard.

The very fact that I have gone through this thought process, however, suggests to me that the language may be susceptible to more than one interpretation. For this reason, pursuant to Virginia Code § 2.2-4029, I will remand this case to the SWCB and require that it modify the permit in Part I.D.7 to read as follows:

> *Facility Entry Special Requirement* – It shall be considered a denial of entry and a violation of Part II.W of this permit for the permittee to prevent or restrict photography by Department staff reasonably related to the purpose of the site visit and the particular inspection being carried out under this permit.

Under this provision, Bowman's interference with photography, if it should occur, would not be a *per se* violation of the permit. There would be an evidentiary issue as to whether the photography exceeded the scope permitted and hence whether Bowman would be justified in objecting. If Bowman would be found to have prevented or restricted photography reasonably related to the inspection at hand, then such conduct would be deemed to be a denial of entry and a violation of the permit. If the photography would go beyond that necessary to accomplish the inspection, then Bowman would not violate the permit by placing restrictions on such photography. Of course, there are administrative procedures in place for the review and determination of such issues. Any resulting case decision in this regard would be, once again, appealable to this Court.

This can be viewed as a split decision, but since a photographic provision will remain in the permit, the SWCB has prevailed for the most part.